U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

JAN 24 2005

ROBERT H. SHEMWELL, CLERK
BY_____
                      DEPUTY

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **OMNI ENERGY SERVICES CORP.** | * | CIVIL ACTION NO. CV05-0138 L-O |
| VERSUS | * | |
| **MANCHESTER SECURITIES CORPORATION, ELLIOTT MANAGEMENT CORPORATION, GEMINI INVESTMENT STRATEGIES, L.L.C., GEMINI MASTER FUND, LTD., PROVIDENT PREMIER MASTER FUND, LTD., PORTSIDE GROWTH AND OPPORTUNITY FUND; and RAMIUS CAPITAL, L.L.C.** | * * * * * * * * * * | SECTION JUDGE MELANÇON<br><br>MAGISTRATE JUDGE HILL<br><br>MAG. DIV. ( ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ORIGINAL COMPLAINT

Plaintiff, OMNI ENERGY SERVICES CORPORATION, respectfully files the following Original Complaint against Defendants Manchester Securities Corp., Elliott Management Corporation, Gemini Investment Strategies, L.L.C., Gemini Master Fund, Ltd., Provident Premier Master Fund, Ltd., Portside Growth and Opportunity Fund, and Ramius Capital, L.L.C. for violations of Section 16(b) of the Securities Exchange Act of 1934.

### Parties

1.  Plaintiff OMNI ENERGY SERVICES CORP. ("OMNI") is a corporation organized under the laws of the State of Louisiana, having its principal office in Carencro, Louisiana.

OMNI is a publicly traded company listed on NASDAQ. OMNI offers a broad range of integrated services to geophysical companies engaged in the acquisition of on-shore seismic data, and through its aviation division, transportation services to oil and gas companies operating in the shallow, offshore waters of the Gulf of Mexico.

2. Defendant MANCHESTER SECURITIES CORPORATION is a corporation organized under the laws of the State of New York, with its principal place of business located in New York City, New York.

3. Defendant ELLIOTT MANAGEMENT CORPORATION is a corporation organized under the laws of the State of New York, with its principal place of business located in New York City, New York.

4. Defendant GEMINI INVESTMENT STRATEGIES, L.L.C., is a limited liability corporation organized under the laws of the State of Delaware, with its principal place of business located in Parsippany, New Jersey.

5. Defendant GEMINI MASTER FUND, LTD. is an entity of unknown form and domicile, but which is, upon information and belief, wholly owned and/or controlled by Defendant Gemini Investment Strategies, L.L.C.

6. Defendant PROVIDENT PREMIER MASTER FUND, LTD. is an entity of unknown form and domicile that is, upon information and belief, wholly owned and/or controlled by Defendant Gemini Investment Strategies, L.L.C.

7. Defendant PORTSIDE GROWTH AND OPPORTUNITY FUND is an entity of unknown form and domicile that is, upon information and belief, wholly owned and/or controlled by Defendant Ramius Capital, L.L.C.

8. Defendant RAMIUS CAPITAL, L.L.C. is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business located in New York City, New York.

### Jurisdiction and Venue

9. The claims alleged herein arise under Section 16(b) of the Securities Exchange Act of 1934 (the "Exchange Act").

10. The jurisdiction of this Court is based on Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. §1331. This Honorable Court has personal jurisdiction over the Defendants in that each of them has transacted business in this judicial district in the form of contract negotiations and ultimately executed contracts to be partially performed in this federal judicial district, and thus the Defendants have minimum contacts with this judicial district sufficient to satisfy the requirements of due process.

11. Venue is proper in this judicial district pursuant to Section 27 of the Exchange Act because Defendants have transacted business in the district with Plaintiff. In addition, Plaintiff's principal office is in the district, and the profits to be disgorged from Defendants are to be returned to Plaintiff in the district.

12. In connection with the acts, transactions and conduct alleged herein, Defendants used the means and instrumentalities of interstate commerce, including the United States mails, interstate telephone communications and the facilities of a national securities exchange and market, while acting as group and beneficial owner of more than 10% of the common stock of Omni.

### Causes of Action

13. OMNI brings this action pursuant to Section 16(b) of the Exchange Act seeking the disgorgement of profits realized by Defendants from certain purchases and sales of OMNI

securities. All Defendants herein have acted together for the purpose of acquiring, holding, voting or disposing of equity securities of OMNI during all of the relevant time periods set forth below. Furthermore, Defendants have exerted a group influence on OMNI during all of the relevant time periods.

14. On February 12, 2004, OMNI entered into a Securities Purchase Agreement (the "Securities Purchase Agreement") with the following named defendants -- Portside Growth and Opportunity Fund, Ramius Capital, L.L.C., Provident Premier Master Fund Ltd., Gemini Investment Strategies, L.L.C., Manchester Securities Corp., and Elliott Management Corporation (the "First Debenture Holders"). The Securities Purchase Agreement was negotiated with OMNI by the First Debenture Holders collectively as a group.

15. Pursuant to the terms of the Securities Purchase Agreement, OMNI issued to the First Debenture Holders (i) $10 million of 6.5% Convertible Debentures (the "Debentures"), (ii) Series A Warrants (the "Series A Warrants") representing the right to purchase in the aggregate 700,000 shares of common stock with an exercise price of $7.15 per share (subject to adjustment as provided therein), and (iii) Series B Warrants (the "Series B Warrants") representing the right to purchase in the aggregate 390,000 shares of common stock with an exercise price of $8.50 per share (subject to adjustment as provided therein).

16. The Debentures mature in February 2007 and are convertible into shares of common stock in OMNI at any time until the maturity date. The initial conversion price is $7.15 per share. At OMNI's option, and if certain conditions set forth in the Debentures are satisfied, interest may be paid, instead of cash, in whole or in part, in shares of common stock. If the interest is paid in shares of common stock, the shares will be valued at a 5% discount. The First Debenture Holders may elect to require OMNI to repurchase in the aggregate up to $8.75 million

(plus accrued and unpaid interest) of the Debentures (the "Put Option"). If OMNI elects to pay the Put Option with registered common stock, the underlying shares will be valued at a 12.5% discount to the average trading price of the Company common stock for the applicable pricing period.

17.     On April 15, 2004, OMNI entered into another Securities Purchase Agreement (the "Second Securities Purchase Agreement") with all of the Defendants. The Second Securities Purchase Agreement was negotiated with OMNI by Defendants collectively as a group.

18.     Pursuant to the terms of the Second Securities Purchase Agreement, OMNI issued to the Defendants (i) $5.05 million of 6.5% Convertible Debentures (the "Second Debentures") and (ii) Warrants (the "Second Warrants") representing the right to purchase in the aggregate 151,500 shares of common stock with an exercise price of $9.00 per share (subject to adjustment as provided therein).

19.     The Second Debentures mature in April 2007 and are likewise convertible into shares of common stock anytime after issuance until the maturity date. The initial conversion price is $7.20 per share. At OMNI's option, and if certain conditions set forth in the Second Debentures are satisfied, interest may be paid, instead of cash, in whole or in part, in shares of common stock. If the interest is paid in shares of common stock, the shares will be valued at a 5% discount. Defendants may elect to require OMNI to repurchase in the aggregate up to $4.419 million of the Second Debentures (the "Second Put Option"). If the Company elects to pay the Second Put Option with registered common stock, the underlying shares will be valued at a 12.5% discount to the average trading price of OMNI's common stock for the applicable pricing period.

20. On October 8, 2004, OMNI and Defendants entered into an Amendment and Conditional Waiver Agreement (the "Amendment Agreement") concerning the Securities Purchase Agreement and the Second Securities Purchase Agreement. The Amendment Agreement was negotiated by Defendants as group with OMNI. As of the date of the Amendment Agreement, Defendants' convertible debentures (as described above) total in the aggregate amount of $12,426,250.00. These debentures are convertible to OMNI common stock at a reduced fixed price set forth in the Amendment Agreement. In addition, by way of the Amendment Agreement, Defendants also acquired an additional 200,000 shares of OMNI common stock for $0.01 per share.

21. As detailed in the Securities Purchase Agreement, the Second Securities Purchase Agreement, and the Amendment Agreement, Defendants are the beneficial owners of more than 10% of the common stock in OMNI, and therefore are subject to the short-swing profit recovery provision of Section 16(b) with respect to OMNI's common stock.

22. The term "beneficial owner" is defined for these purposes by Commission Rule 13d-3, 17 C.F.R. 240.13 d-3, which provides, among other things, that a person is the beneficial owner of equity securities if, through conversion rights, it can acquire voting or investment power over the securities within sixty days. As of February 12, 2004, Defendants Portside Growth and Opportunity Fund, Ramius Capital, L.L.C., Provident Premier Master Fund Ltd., Gemini Investment Strategies, L.L.C., Manchester Securities Corp., and Elliott Management Corporation, had the right to acquire cumulatively over a sixty-day period, by exercising their group bargained-for conversion rights, more than 10% of the common stock of OMNI. Therefore, as of February 12, 2004, Defendants Portside Growth and Opportunity Fund, Ramius Capital, L.L.C., Provident Premier Master Fund Ltd., Gemini Investment Strategies, L.L.C.,

Manchester Securities Corp., and Elliott Management Corporation beneficially owned more than 10% of OMNI's common stock. As of April 15, 2004, Defendant Gemini Master Fund, Ltd. also had the right to acquire cumulatively over a sixty-day period, by exercising group bargained for conversion rights, more than 10% of the common stock of OMNI. Therefore, as of April 15, 2004, all of the Defendants beneficially owned more than 10% of OMNI's common stock.

23. Defendants have recently admitted to engaging in short-swing trading in OMNI common stock while beneficially owning more than 10% of OMNI's common stock. By virtue of Section 16(b) of the Exchange Act, Defendants are accountable to OMNI for any profit received from short swing trading of OMNI securities. The precise amount of the illegal profits garnered by Defendants is unknown to Plaintiff and should be determined on an accounting. As a result of the complexity of the transactions of Defendants, the amount due Plaintiff cannot be determined at this time without an accounting.

## Prayer

For these reasons, Defendants' actions have harmed OMNI ENERGY SERVICES CORP., and it therefore requests: (a) an order compelling Defendants to render an accounting of all illegal profits gained by their short swing trades; (b) judgment against Defendants for the amount found due Plaintiff; (c) costs of this action; and (d) such other and further relief as the court may deem just and proper.

-8-

Respectfully submitted,

**SMITH & FAWER, L.L.C.**

_____
**RANDALL A. SMITH, T.A.** (#2117)
**OWEN B. ST. AMANT** (#25509)
201 St. Charles Avenue, Suite 3702
New Orleans, Louisiana 70170
Tel: (504) 525-2200
Fax: (504) 525-2205

**ATTORNEYS FOR PLAINTIFF,
OMNI ENERGY SERVICES CORP.**